## KEMBLE vs. WALLIS & NEWCOMB.

Where parties agreed to pay a printer the cost of publishing a work, and to be responsible for 1000 copies if the author should fail in paying after three months from the time of the delivery of the books, and the author subsequently directed only 800 copies to be printed, *it was held,* that the printing of 1000 copies was not a *condition precedent* to a right to recover ; that the specification of the number of copies limited the responsibility of the contractors, but did not impose the obligation to print the whole number, if the author dispensed with a part ; and that the direction to publish a less number was not a violation, but a contemplated modification of the contract.

A *tender* and refusal is equivalent to performance ; and where a delivery is necessary to be averred, facts and circumstances tantamount to a delivery may in some cases be pleaded, instead of generally averring a delivery.

Where there is an undertaking of A. to pay, if B. fails in paying after three months from the time of the delivery of certain articles, *notice* to A. of the delivery of the articles and of the failure of B. in making the payment is not necessary.

DEMURRER to declaration. The plaintiff in his third count declared that the defendants made a certain agreement with

him in the words following: (setting forth the agreement in *hæc verba:*) "We, the subscribers, do agree to pay J. C. Kemble the cost or amount of publishing a work of 300 pages of original matter, written by Derick Newcomb, of Pittstown, and do bind ourselves to be responsible to said Kemble for 1000 copies of the said work, if the said Newcomb should fail in paying after three months from the time of the delivery of the books;" signed, *Benjamin Wallis, Derick Newcomb;* and stated that, in consideration of such agreement, he, the plaintiff, promised the defendants to print and publish the books upon the terms in the agreement mentioned. He then averred that *Derick Newcomb* desired him to print only 800 copies of the book, and objected to his printing beyond that number; that he accordingly printed 800 copies, and was ready to print 200 additional copies, if Newcomb had not objected to his so doing; that more than three months before the commencement of the suit, he tendered the 800 copies printed by him to Newcomb, who omitted and neglected to receive the books upon such tender; that he afterwards received them, but did not pay for them, by means whereof the defendants became liable to pay a reasonable price for the printing and publishing of the books, which the plaintiff averred to be $300, which sum he alleged the defendants promised to pay. To this count the defendant *Wallis,* who alone defended the suit, put in a general and special demurrer.

*I. L. Wendell,* for the defendants. The contract on the part of the plaintiff was to print 1000 copies of the work, and to entitle him to recover, he was bound to allege performance on his part, it being a condition precedent. Newcomb's objecting to having more than 800 copies printed did not excuse the plaintiff. If the defendants are considered both as *principals,* one could not release the plaintiff from performance of part of his contract, and subject his co-contractor to pay for any portion of the work to be done by the plaintiff, less than the whole; and if Wallis was the *surety* of Newcomb, any change in the contract without his assent, released him from performance on his part. Whether such change was advantageous or disadvantageous is not a subject of in-

quiry; being a *surety*, his affairs could not be transacted without his consent and he kept bound: 2 *Vesey, jun.* 543. 2 *Ch. Cas.* 22. 7 *Mod.* 144. 7 *Rep.* 9. 5 *Viner's Abr. tit. Condition*, 145, *pl.* 27. *Coke Litt.* 218, *a.* The declaration is defective also, in not stating the *delivery* of 1000 or any other number of copies three months before commencement of suit; the promise was to pay, if Newcomb should fail in paying after three months from the time of the delivery of the books. If the delivery of 800 copies could be considered as performance, such delivery is not averred; a tender only is averred, and if a tender be equivalent to a delivery, it should have been alleged as such. Again, there is no *notice* to Wallis of the delivery of the books, or of the failure of Newcomb to pay. 1 *Chitty's Pl.* 322. 2 *Johns. Cas.* 409.

*D. Gardner & H. P. Hunt*, for plaintiff.

*By the Court*, SUTHERLAND, J. The reasonable, and I think the true construction of the contract, as set forth in this count, is, that the defendants would be responsible for the expense of printing, to the extent of 1000 copies of the work mentioned therein. The responsibility of the surety was limited to that amount; but the contract did not bind the plaintiff to print 1000 copies at all events, whether they were required or not, so as to make the printing of that number a condition precedent to his right to recover any thing. The direction of Newcomb, therefore, to the plaintiff, to print only 800 copies was not a variation of the contract, but a modification, contemplated and provided for by the contract itself.

The delivery of 800 copies to Newcomb three months before the commencement of the suit is sufficiently averred. An offer to deliver, and a refusal by Newcomb to receive them more than three months before the commencement of the suit, gave a right of action on the contract; and although Newcomb did subsequently receive them, the right of action accrued at the time of the tender and refusal, and not at the time of the actual acceptance. There is no legal objection in a case like this, to stating the particular facts and circumstances of the case, instead of averring an absolute delivery, to which, in judgment of law, those facts are equivalent.

Notice to Wallis of the delivery of the books, and of the neglect or refusal of Newcomb to pay, was not necessary; it was not provided for in the contract. The undertaking was absolute, to pay, if Newcomb did not, in three months after delivery. 8 *Wendell*, 421, 2. 7 *id.* 290. 5 *id.* 504. 1 *Chitty's Pl.* 322, 3. 8 *Wendell*, 452. 11 *Mod.* 48. 2 *Salk.* 457.

Judgment for plaintiff on demurrer, with leave to defendant to amend.