34b 612
38ap302
88ap307
34b 612
167a 288

### HATFIELD *vs.* REYNOLDS and wife.

When one employs an attorney to loan money for him, and to take a bond and mortgage from the borrower, and after the loan is made, he intrusts the attorney with the possession of the bond and mortgage, and permits him to receive payments upon it, from time to time, and to indorse them for the mortgagee, until payments are made which extinguish the principal, the attorney will be held to be, in fact and in law, authorized to receive the latter as well as the former payments; and in case of his omission to pay over the money to his principal, any loss consequent upon his insolvency must fall upon the mortgagee, rather than upon the mortgagor.

APPEAL by the defendants from a judgment ordered at a special term, for the foreclosure of a mortgage and sale of the premises. The facts material to be known are stated in the opinion of the court.

*By the Court;* EMOTT, J. The plaintiff, Hatfield, employed Charles A. Purdy, who was an attorney at law, to make a loan to the defendant Reynolds, and to take the bond and mortgage upon which this action is brought. Reynolds never had any negotiation or intercourse with Hatfield, and seems not even to have known him personally, until several years after the mortgage had been made; although he was of course aware that a man named Hatfield was his creditor. The bond and mortgage were left in Purdy's possession, and continued in his possession until his death. He received the interest regularly and paid it over to the plaintiff, and at length Reynolds paid the principal also to Purdy. Purdy neglected to pay over the principal to Hatfield, or even to apprise him of its receipt. Purdy died insolvent, and a loss must consequently result to one or the other of these parties. The question here is upon which the loss must fall.

The judge before whom the cause was tried finds that the bond and mortgage were left with Purdy for safe keeping; and this is expressly stated by Hatfield, and was evidently, from the facts of the case, one object at least of the deposit. The judge also finds that these securities were not left with Purdy for the purpose of collecting the principal or interest,

and that Purdy in the matter of the payments of Reynolds acted as the agent of the latter, and was not the agent of Hatfield nor acting by his authority.

In *Williams* v. *Walker*, (2 *Sand. Ch. Rep.* 325,) Asst. V. Chan. Sandford held that where a scrivener or attorney makes a loan, and afterwards retains possession of the securities, and receives payments, indorsing them upon the bond, which he exhibits to the debtor, so that the latter is aware of its possession, the attorney is the agent of the creditor, and the payments are good. But that after the attorney ceased to have possession of the bond, his authority to receive payment ceased, and payments made after that time cannot be allowed. The opinion of the assistant vice chancellor contains a clear and full summary of the cases, and they establish the propositions that when an agent employed to take a bond or other security for money is not intrusted afterwards with its possession, he is not authorized to receive payments upon it; and contrariwise, if such agent is intrusted with the continued possession of the bond or evidence of debt, authority for him to receive payment may be implied. So the rule is stated in the text books. (*Paley on Agency*, 274. *Story on Agency*, §§ 98, 104.) There is no difference, in this respect, in this country at least, between bonds and mortgages and other obligations for the payment of money. We regard the mortgage as collateral to the bond, as a security for the money only, and we do not require a release or reconveyance of the estate, in order to the extinguishment of the mortgage.

The distinction between the case at bar and that of *Williams* v. *Walker*, as well as the others cited by the assistant vice chancellor, is supposed to consist in the fact that in the present case the defendant Reynolds made his payments to Purdy without calling for the production of the bond and mortgage, or verifying the fact that they were in Purdy's possession.

This presents the question whether, in such cases, the

authority to receive payments is implied from the possession of the securities, or from their production and exhibition to the debtor at the time of the payment. In this case the plaintiff left his bond and mortgage with Purdy for safe keeping, he says, but he certainly permitted it to remain for other purposes; because he allowed payments to be made upon it to Purdy, and he received the amount of these payments from Purdy, and suffered him to indorse them upon the bond. It can hardly be deemed that from these facts, coupled with the circumstances attending the origin of the bond and mortgage, authority to Purdy to receive payments would be implied. I do not perceive that if the defendant had taken the precaution to call for the production of the papers whenever he made a payment, he would have strengthened this implication. The authority is implied from the possession of the papers, and the continued receipt of money upon them, which are facts, and not from the exhibition of the papers by the agent, which is only the evidence of the facts. It is not that Hatfield is estopped to deny Purdy's authority by Purdy's act in exhibiting or verifying it. To have called for the bond and mortgage, under the circumstances of this case, would have been a very prudent and proper precaution, but it would have been only a precaution. It would have enabled the defendant to verify the authority of Purdy, but it would have been no more than verifying it. By neglecting to do so, the defendant took the risk of making a payment after Purdy's authority had ceased, by his ceasing to have possession of the securities; and the case of *Williams* v. *Walker* is an authority that such a payment would be ineffectual. The observations of the assistant vice chancellor in that case go to the farther point which we have now presented, but which was not necessarily before him, that the payments would be justified while the possession continued, though the debtor were ignorant of its continuance. As the fact is distinctly shown in this case that Purdy, after having been employed to make the loan, was intrusted with the pos-

session of this bond and mortgage, and was permitted to receive payments upon it, and to indorse them for the plaintiff, until and at the time when the payments were made which extinguished the principal, we are of opinion that he was in fact and in law authorized to receive the latter as well as the former payments, and that the loss consequent upon his embarrassments and insolvency must fall upon the plaintiff who first employed and continued to trust him.

This judgment must therefore be reversed, and a new trial ordered at the circuit, with costs to abide the event.

[ORANGE GENERAL TERM, September 9, 1861. *Emott, Brown* and *Scrughham*, Justices.]