ROBERT HUTCHINGS, Respondent, *v.* LYMAN MUNGER, Appellant.

Where, upon the conditional sale of a chattel, it is agreed, that the vendee is to have possession, and to pay the price within a time fixed, if after the purchase money has become due and remains unpaid, the vendee is still permitted to retain possession, and the vendor receives part payment, this is an assent by the latter to delay, and a waiver of any forfeiture, and a recognition of the right of the vendee to acquire title by payment of the residue of the purchase money, which right would continue until a request by the vendor for such payment, and a refusal of the vendee.

A tender, under such circumstances, of the amount due, itself discharged all lien or claim of title to the property by the vendor.

*It seems*, an agent to collect the purchase price of a chattel, has no power to extend the time of payment of the balance, upon receiving part payment.

(Cause argued June 23, 1869, and decided September 25, 1869.)

APPEAL from a judgment of the Supreme Court, in the fifth judicial district, affirming, with some modifications, judgment for the plaintiff, on the report of a referee.

The action was in the nature of trespass *de bonis*, for a canal boat. The cause was tried before a referee, who reported in favor of the plaintiff, $1,326.94. The defendant appealed to the General Term, where the judgment was modified by deducting $273.37 as of 9th April, 1860, and affirmed as to the balance; and from that affirmance the defendant appeals to this court.

The facts found by the referee are, that on the 17th September, 1856, one Silence made a contract for the sale of the boat to the plaintiff, on the following terms: *First.* Silence agreed to sell the boat for $2,400, which was to be paid

in installments, the last of which was to become due November 10, 1858. *Second.* Plaintiff agreed to make punctual payment of the $2,400, and interest, at the time specified in the contract. *Third.* Silence agreed, upon such payment, to make an execute to the plaintiff a bill of sale, transferring to plaintiff the boat and all the right, title, and interest of Silence therein. It was agreed that the plaintiff might take and have possession of the boat for the purposes of navigation; "*but if default should be made in the payment of any or either of the notes given for the purchase money, his right to use or possess the said boat shall thereupon cease, and the party of the first part (Silence) may enter upon the said boat wherever the same may be found, and take and retain possession thereof.*" It was agreed that nothing in the contract should be construed to give plaintiff any interest in, or right or title to the said boat, until the whole $2,400, and interest thereon, was fully paid, and until such payment, the title to the boat should continue in Silence. The referee found that Silence assigned this contract to the defendant, and that on the 10th November, 1858, when the last payment became due, the plaintiff was in arrear to the amount of $800 to $1,000; that he was allowed to retain possession of the boat until the 15th November, 1858, when he paid, and the defendant received thereon, $281; and in consideration of said payment, the parties agreed that the plaintiff should have the seasons of 1859 and 1860 to pay the balance of the purchase money. The plaintiff continued in possession, laid the boat up at Oswego, and in April, 1860, the defendant, by one Lake, as his agent, proceeded to advertise and sell the boat under the contract. Prior to the day of sale, the plaintiff tendered and offered to pay to Lake the sum of $1,065; $500 was the check of a third person, and the balance in bank bills. This tender Lake refused, on the ground that it was not enough, and the boat was sold and taken possession of by the defendant. At this time there was in fact but $791.63 unpaid on the contract. The referee reported in favor of the plaintiff for $1,123.37, and interest, being the dif-

ference between the value of the boat and the balance due on it, and judgment was accordingly entered, which, on appeal to the General Term, was modified by reducing it to the difference between the amount tendered and the value of the boat.

*James L. Angle*, for the appellant, to show that the referee erred in admitting evidence and that an agent of the defendant to sell was not authorized to agree with the plaintiff for an extension of time of payment, cited *Beals* v. *Allen* (18 J. R., 363); *Rossiter* v. *Rossiter* (8 Wend., 494); Dunlap's Paley on Agency, 202; *Miller* v. *Edmonton* (8 Black. R., 291); *Kirk* v. *Hyatt* (2 Carter R., 322); *Matthews* v. *Hamilton* (23 Ill. R., 470).

*James Noxon*, for respondent, that the receipt of the $281 by the defendant, and permitting the plaintiff to remain in possession, was a waiver of forfeiture, cited *Fairbanks* v. *Phelps* (22 Pick. 535); *Lawrence* v. *Dall* (3 John. Chy. 233; Fry on Spec. Perf., 409; 1 Parson's Contr., 427; 25 Wend., 640; *Lupin* v. *Maul* (6 Wend., 77); 5 Tenn. R., 231; 6 Cow, 110; *Smith* v. *Lynes* (1 Seld., 41, 44). That the tender discharged defendant's lien. (*Kortright* v. *Cady*, 21 N. Y., 343; *Shannon* v. *Comstock*, 21 Wend., 460; *Kemble* v. *Newcomb*, 10 Wend., 374.)

GROVER, J. The only exception, insisted upon by the counsel for the appellant, was that taken to the ruling of the referee, admitting the testimony of the plaintiff showing an agreement made by him with Mr. Silence, as agent of the defendant, to give one or two years' further time for the payment of the balance of the purchase price of the boat. This exception was taken on the ground, that there was no evidence of any authority from the defendant to Silence to make any such agreement. In this position, I think the counsel is correct. The evidence showed that the debt and contract had been transferred by Silence to the defendant. That the plaintiff was aware of this transfer, when called upon by Mr. Silence,

as agent for the defendant, to receive the money due. All the evidence of Silence's authority was his possession of the notes for the purpose of receiving the money due thereon. This possession was evidence of his authority to receive payment, but failed to show any authority to do anything else. Authority to collect or receive payment does not include authority to make an agreement to extend the time of payment. Besides, the agreement to give further day of payment, if the agent was authorized to make it, would be void for want of consideration to support it. All the debt being over due, payment of a part is no consideration for a promise to give further time for the payment of the balance. The judgment, if not sustained upon other grounds, must be reversed.

The referee finds that, after the entire amount had become due, the plaintiff was permitted by the defendant to retain possession of the boat, and that he paid to him $281, to apply upon the contract for its purchase. This was an assent by the defendant to the delay, and a waiver of the forfeiture, incurred by the plaintiff thereby. (*Lawrence* v. *Dall*, 3 Johns. Chancery, 23.) It was a recognition of the contract as still in force, and of the right of the defendant to acquire title to the boat by payment of the residue of the purchase money in future. In the absence of the agreement fixing the time, which we have seen was void, the money became payable whenever requested by defendant. The plaintiff's right to acquire title to the boat by paying the residue of the price, would continue, until such request was made. Such were the rights of the parties, when the plaintiff tendered to the defendant more than the amount due. This tender was as effectual in giving title to the plaintiff, as if the money had been received by the defendant. (*Kemble* v. *Newcomb*, 10 Wend., 374; *Kortright* v. *Cady*, 21 N. Y., 343.) It follows, that by this tender the plaintiff acquired title to the boat, and that the defendant committed a trespass in subsequently taking it from his possession. This, I think, gave the plaintiff a right of action to recover the value of

the boat. But the referee deducted therefrom the unpaid purchase money, and gave judgment for the residue only. Of this the defendant could not complain, and for ought that appears, the plaintiff assented to such deduction for the purpose of finally closing the transaction. Upon appeal to the General Term, that court ordered a reversal of the judgment, unless the plaintiff assented to a further deduction of the sum tendered over and above the sum actually due, which deduction was made. Upon what principle this deduction was made by the General Term, I am at a loss to discover. But of this the defendant does not complain, and the plaintiff has not appealed. The judgment of the General Term must be affirmed with costs.

J<small>AMES</small>, J., also wrote an opinion for affirmance on substantially the same grounds.

All the judges concurring for affirmance.

Judgment affirmed.