DANIEL J. CUSHMAN, APPELLANT, v. ELI B. JEWELL, RESPONDENT.

*Conditional sale — when title vests — Payment by installments — Action for conversion — Waiving tort — Amendment of pleadings — Waiver of tort.*

In case of a conditional sale, where the title is to vest in the purchaser upon payment of the price, the purchaser may perfect his title to the property at any time by a tender of the price, although it is payable by installments, and they are not all due. If the debt was payable with interest, the purchaser must pay interest up to the time of the maturity of the debt.

If the seller claims that the amount already paid is forfeited by the failure of the

purchaser to pay one of the installments when due, it is his duty to inform the purchaser of such claim, in order that he may pay or tender such amount.

Where a complaint for unlawful conversion of personal property contains an allegation waiving the tort, it is not proper to allow an amendment, on the trial, striking out the waiver of the tort.

A plaintiff can waive the tort and sue on the contract, only where the wrong-doer has sold or otherwise disposed of the property.

APPEAL from a judgment of the Oneida County Court, reversing a judgment of the Justice's Court in favor of the plaintiff, in an action for the price and value of a sewing machine, alleged to have been unlawfully taken by the defendant and converted to his own use, and giving the defendant judgment for costs.

The following oral pleadings were made before the justice:

Plaintiff complains against the defendant for the price and value of one Davis sewing machine, worth sixty dollars, taken and converted to his own use by defendant on or about August 1st, 1874, without any right thereto, and plaintiff demands judgment against defendant, waiving the tort, for forty-nine dollars and seventy-five cents, and costs.

Defendant denies the complaint. Defendant says if he took away such machine, it was his own, and he had a right to take it. Demands judgment of dismissal, with costs.

At the close of the evidence the plaintiff's attorney asked to have the complaint amended to comply with his case by striking out words "waiving the tort." The amendment was allowed under objection and exception.

*S. J. Barrows*, for the appellant. That Mrs. Knowles was entitled to the machine until the payments became due. (*Herring* v. *Hoppock*, 15 N. Y., 409; *Strong* v. *Taylor*, 2 Hill, 326; *Hall* v. *Carnley*, 11 N. Y., 501; 17 id., 202; *Hasbrouck* v. *Lounsbury*, 26 id., 598–601.) As to waiver of right by defendant to take advantage of non-payment. (*Lawrence* v. *Doll*, 3 Johns. Ch., 23; *Hutchings* v. *Munger*, 41 N. Y., 155, 158; *Fairbanks* v. *Phelps*, 22 Pick., 535; Fry on Spec. Perf., 409; 1 Pars. on Cont., 427; 25 Wend., 640; *Lupin* v. *Maud*, 6 Wend., 77; 6 Cow., 110; *Smith* v. *Lyons*, 1 Selden, 41, 44.) The tender discharged the lien. (*Kortright* v. *Cady*, 21 N. Y., 34; *Hutchings* v. *Munger*, 41 Barb., 396; affirmed, 41 N.

Y., 155; 1 Wait's Law and Practice, 483; *Vincent* v. *Cornell*, 13 Pick., 292, 294; *Kemble* v. *Wallis*, 10 Wend., 374; *Day* v. *Bassett*, 102 Mass., 445; 3 Gray, 548; 10 Pick., 522; 19 Maine, 427.) Mrs. Knowles had a right to dispose of property till she refused payment. (41 Barb., 396; 41 N. Y., 155.) Justice was right in allowing the amendment waiving the tort. (*Tyng* v. *Commercial Warehouse Co.*, 58 N. Y., 308–313, and cases cited; *Moran* v. *McClearns*, 63 Barb., 185, opinion by JOHNSON, J.; 4 id., 36–42, and cases cited.) The defendant did not sell the property or convert it, but had it in his possession; hence, assumpsit would not lie. (*Osborn* v. *Bell*, 5 Denio, 370, 373–376; *Harpending* v. *Shoemaker*, 37 Barb., 270, 291, and cases cited; *Tryon* v. *Baker*, 7 Lans., 511, 514, opinion by MULLIN, J.; 3 E. D. Smith, 71–75; *Hawks* v. *Thorn*, 54 Barb., 168.) The cause of action may be changed at any time, provided the claim remains the same. (*Chapman* v. *Webb*, 6 How. Pr., 390; *Thompson* v. *Minford*, 11 id., 273; *Wood* v. *Shults*, 4 Hun, 309–311, opinion by GILBERT, J.; Code, § 64, subs. 10, 11, and §§ 169, 173; *Ackerly* v. *Tarbox*, 31 N. Y., 564; *Lapham* v. *Rice*, 55 id., 472; *Conaughty* v. *Nichols*, 42 id., 583; *Veeder* v. *Cooley*, 2 Hun, 74; 4 N. Y. S. C., 254; 44 N. Y., 63.)

*Charles H. Searle*, for the respondent. That Mrs. Knowles could convey no title to the plaintiff. (*Strong* v. *Taylor*, 2 Hill, 326; *Herring* v. *Hoppock*, 15 N. Y., 409; *Hasbrouck* v. *Lounsbury*, 26 id., 598; *Rawls* v. *Deshler*, 28 How., 66; *Herring* v. *Willard*, 2 Sandf., 418.) She had forfeited the contract, and evidence of tender was inadmissible. (*Herring* v. *Hoppock*, 15 N. Y., 409; *Ballard* v. *Burgett*, 40 id. [1 Hand], 314; *Covell* v. *Hill*, 2 Seld., 374; *Clement* v. *Cash*, 21 N. Y., 253, 256; *Cotheal* v. *Talmadge*, 5 Seld., 551; *Walter* v. *Bennett*, 16 N. Y., 250; *Andrews* v. *Bond*, 16 Barb., 633, see p. 642.) The amendment was not admissible. (2 Wait's L. and P., 760; *Ransom* v. *Wetmore*, 39 Barb., 104; 21 How., 289; 36 id., 540, 543.)

MULLIN, P. J.:

This action was brought by the plaintiff, before a justice of the peace of Oneida county, to recover from the defendant the value

of a sewing machine which defendant had taken and converted to his own use. The facts, as proved on the trial, were substantially as follows, viz.: On the 4th March, 1874, the defendant sold to Mrs. Esther G. Knowles a Davis sewing machine for twenty-five dollars, payable in monthly installments, with interest, and took from her a note and a receipt signed by her, containing the following clauses and conditions, viz.: It is expressly understood that the said E. B. Jewell neither parts with, nor do I acquire any title to said machine until said note is fully paid, and it is expressly understood that I am not to remove said machine from my present place of residence, Rome, Oneida county, N. Y., without the consent of the said E. B. Jewell. In case of default of payment defendant was authorized to enter on the premises of Mrs. Knowles and take and remove said machine and collect all reasonable charges for the use of the same.

Underneath the signature of Mrs. K. is the following: I herein further agree that if I violate any part of the within I forfeit all that has been paid on the within, or may have been paid on the same.

On the 7th of May, 1874, Mrs. K. paid ·on said notes five dollars; on the first of June, five dollars; on the first of July, five dollars. On or about the 25th of July, 1874, plaintiff, by his agent, bought of Mrs. Knowles the said machine, and, on the next day, took it from her shop and carried it to Williams' Hotel, in Rome, from which place it was taken in a few days, and about the first of August, by the defendant. Plaintiff demanded the machine of defendant, who refused to deliver it. On the first of August Mrs. K. went to defendant's house and tendered to defendant five dollars, being the installment falling due in August, and also five dollars and fifty-six cents, being the installment not paid in April, and interest thereon. The defendant refused to receive it, and Mrs. K. retained the money for the defendant.

The justice rendered judgment in favor of the plaintiff for thirty-seven dollars and fifty cents, the value of the machine, and five dollars costs.

On appeal to the county court the judgment of the justice was reversed. The plaintiff appeals to this court.

Under the contract between Mrs. Knowles and the defendant, evidenced by the paper called a receipt, Mrs. K had no title to the

machine when she sold to, or exchanged with, plaintiff's agent, and could not, for that reason, convey any to him. The removal of the machine by the plaintiff from Mrs. K.'s house forfeited her right to the possession of the machine, but it did not necessarily annul the sale to her. If she paid the balance due on the machine before defendant took possession her title became perfect, and the plaintiff acquired a valid title to it under his agreement with Mrs. K. The note made by Mrs. K. is not before us, nor are its contents set out in the case. The receipt is dated fourth of March, and if that was the date of the note, the whole money became due on the fourth of August, the price being twenty-five dollars, and payable in monthly payments of five dollars each. The installments would become due on the fourth of each month if, as we must assume, the note bore date the fourth of March.

It may be that the installments were payable on the first of each month, but the only evidence that they were payable on that day is the fact that two of the three installments indorsed were paid on the first day of the month.

The defendant took possession of the machine on the first day of August. On the same day Mrs. K. tendered to the defendant the whole amount remaining unpaid on the note.

When possession was taken, the installment payable on the first of August was not due, but it and the installment due in April were tendered to the defendant, and, for the purposes of this case, the tender was equivalent to payment.

There was a default of payment of the installment due in April, but the defendant permitted Mrs. K. to retain and use the machine for several months thereafter, and thereby waived such forfeiture. (*Hutchings* v. *Munger*, 41 N. Y., 155.) In case of a conditional sale, when the title is to vest in the purchaser upon payment of the price, the purchaser may perfect his title to the property at any time by a tender of the price, although it is payable by installments, and they are not all due. If the debt was payable with interest, the purchaser must pay interest until the maturity of the debt.

Mrs. K., when she made the tender, was not informed that the defendant claimed that the payments theretofore made were forfeited, and that she must pay or tender such amount in addi

tion to the amount remaining due. It was the duty of the defendant, if he insisted on such forfeiture, to have informed Mrs. K. thereof, in order that she might pay or tender it. Failing to make such claim, he could not afterward object to the amount of the tender. If the foregoing views are correct, it follows that the defendant was liable in trover for converting the machine. But having inserted in the complaint a waiver of the tort, he could not arrest the defendant upon an execution on the judgment, as he may now do, if the amendment striking out the waiver was permitted to stand. Such an amendment cannot be allowed. It changed the nature of the action, and subjected the defendant to imprisonment on the execution. The evidence does not make a case, allowing plaintiff to waive the tort and sue on contract. That can only be done when the wrong-doer has sold or otherwise disposed of his property, so that it may be assumed he received the value of it in money or its equivalent.

The judgment of County Court should be reversed and that of justice affirmed.

Present — MULLIN, P. J., SMITH and NOXON, JJ.

Judgment of County Court reversed, and that of justice affirmed.