# SUPREME COURT.

## Wells R. Ritch agt. John B. Smith *et al.*

*Principal and agent — Extension of mortgage debt by agent — when unauthorized — Surety.*

An agent authorized to receive payment of interest accruing on a mortgage and to collect the principal, and who received a portion of the principal before it was due, is not authorized to extend the payment of the mortgage debt after it became due.

To uphold the granting of such extension the agent should have been specially authorized thereto, or it should appear that the act was embraced within the powers allowed to be performed, or was ratified.

While a principal is presumed to have notice of the acts performed by his agent in the usual course of his agency, such presumption does not extend to acts clearly not within the agency.

The payment of a part of a mortgage debt after due, in itself affords no adequate consideration for an agreement made by an agent to extend the payment of the residue of the principal, or to discharge a surety.

*Special Term, November,* 1877.

This is an action for the foreclosure of a mortgage made by the defendant Schlesinger, given as collateral security for the payment of a bond executed by Schlesinger and the defendant Smith. Smith was surety upon the bond for the mortgagor. It was asked in the action that Smith should be bound for any deficiency which might arise on the mortgage sale.

Smith defended upon the ground that an extension of time had been granted to the mortgagor without his knowledge or assent, and that he was thereby discharged.

The court at special term held that the person who gave the extension was not the plaintiff's agent for such purpose, and that Smith was not discharged. The general term of the first department reversed the judgment at special term, holding that the agent had authority to give the extension. The court of

appeals, at its last session (November, 1880), reversed the judgment of the general term and affirmed that of the special term. The facts appear in the opinion of the special term.

*Arnoux Ritch* and *Woodford*, for plaintiff.

*Blumenstiel & Ascher*, for defendants.

VAN VORST, *J.* — Thomas G. Ritch was the agent of his father, the plaintiff, and, as he states in his affidavit verifying the complaint, "had charge of the plaintiff's interest in the matter of the bond and mortgage" sought to be foreclosed in this action.

The precise nature and extent of the agency is not indicated by any writing made by the plaintiff, or by any express direction or appointment in any form.

The extent of the agency and the power of the agent must be gathered from the acts performed by him, which were ratified and adopted by the principal.

He received the interest as it became due, and also a portion of the principal before it was payable by the terms of the mortgage. Ordinarily an agent authorized to receive payment of a mortgage or other obligation is deemed entitled to receive it when and after it becomes due, and not before (*Story on Agency*, sec. 98, *and cases cited; Smith* agt. *Kidd*, 68 *N. Y.*, 130).

But the approval by the father of the acts of his son in receiving the money before it was due gives to the agency a more enlarged scope, and measurably interprets the language of the son when he states that he "had charge of the plaintiff's interests in the matter of the bond and mortgage."

When the agent received from the mortgagor, in September, 1873, a payment of eleven hundred dollars towards the principal of the mortgage, the same not being then due, he executed in his own name and delivered to the mortgagor a paper, by the terms of which he stipulated that on the payment of $900 more by the mortgagor, on or before April 1,

Ritch agt. Smith *et al.*

1874, the time to pay the balance of the bond and mortgage should be extended to November 1, 1875.

The effect of this extention, if valid, is to release the defendant Smith, who signed the bond as surety, from all liability thereon, he not having assented to the arrangement; in fact being entirely ignorant of it.

There is no evidence of any original authority in the agent to extend the payment of the mortgage, nor is there any proof that the plaintiff ratified the act of his son in giving the stipulation to extend the payment of the balance beyond the time when it was due and payable by the terms of the mortgage. It does not appear that the principal was advised of the extension.

An agent, although authorized to receive payment of interest accruing on a mortgage, and to accept payment on account of principal before due, is not thereby authorized to extend the payment of the residue of the principal. To justify the granting of such extension the agent should have been specially authorized thereto, or it should appear that the act was embraced within other powers conferred or allowed to be performed (*Hutchings* agt. *Munger*, 41 *N. Y.*, 155; *Heyman* agt. *Berringer*, 1 *Abb. New Cases*, 315; *Josephthal* agt. *Heyman*, 2 *Abb. New Cases*, 22). It has been already stated that there is no evidence of the adoption by the father of his son's act in giving the stipulation. The fact is, however, that no positive step was taken by the father to enforce the payment of the sum remaining unpaid until December, 1876, from which, it is urged by defendant's counsel, that such omission to proceed to collect the mortgage for so long a time after it became due, is evidence of approval of what the son had done. Such forbearance does not necessarily lead to that conclusion. It is not irreconcilable with a satisfaction on the part of the plaintiff with the goodness of the security, and with an indisposition to disturb it so long as the interest was paid. Forbearance to collect does not establish knowledge of the extension claimed to have been granted by the agent.

I do not think the power to extend payment is embraced within what may be implied by the words " having charge of plaintiff's interest in the bond and mortgage." That obviously means to guard, not jeopard the interests. It cannot be well urged that the power conferred should be to diminish the security or release a party obliged.

Besides, the payment of the additional sum of $900 as a condition to the extension, does not furnish a good consideration for the stipulation to extend. For at the time fixed for such payment, as a condition to the stipulation, the mortgage moneys would be due by the terms of the mortgage, and in paying these, the mortgagee would only be doing what was required by the mortgage itself (*Lowman* agt. *Yates*, 37 *N. Y.*, 601; *Halliday* agt. *Hart*, 30 *N. Y.*, 474; *Olendorf* agt. *Union Bank*, 31 *Md.*, 126).

For the reasons above stated the defense interposed by the defendant Smith, that he has been discharged from his obligation by the act of the plaintiff or his authorized agent, is not established.

I fail to discover any hardship in this conclusion. As the surety was ignorant of the stipulation, so too it does not appear that he ever complained of the plaintiff's delay in not enforcing the mortgage sooner, and never asked for its enforcement.

And although this defendant occupies the relation of surety to the obligation and the creditor, which relation is favored and guarded in law and equity, still, in order that the act of an agent giving an extension of time to the principal debtor should have the effect to discharge the surety, it should clearly appear that the agent had authority, express or implied, to give the extension, or that his act was adopted by the creditor.

Some unfavorable comment is made by the defendant's counsel upon the failure of the plaintiff's counsel to produce the plaintiff as a witness on the trial, it being urged that the plaintiff was called upon by his own evidence to repel the presumption that he was notified of the stipulation given by his agent.

A principal is presumed to have notice of the acts performed by his agent in the usual course of his agency. It would be going too far, I think, to hold that this presumption extends to everything the agent may do, and to acts clearly not within the agency.

That the plaintiff had notice of this extension and adopted it was for the defendant to show. He called and examined the attorney himself as a witness, but failed through him to establish notice or knowledge.

The plaintiff it appears is a non-resident of this state. I cannot say that he was absolutely called upon to be present at the trial, at inconvenience and expense, to disprove a fact which the defendant failed to establish.

There must be judgment for the plaintiff.