JOHN EGMONT SCHERMERHORN, AS TRUSTEE, ETC., RESPONDENT, *v.* MARY S. FARLEY AND PATRICK FARLEY, INDIVIDUALLY AND AS ADMINISTRATOR, ETC., APPELLANTS, IMPLEADED WITH FRANKLIN A. THURSTON AND OTHERS.

*The possession of a bond and mortgage by the agent effecting the loan — confers no authority to receive the principal secured thereby, before it becomes due.*

In an action brought for the foreclosure of a mortgage it appeared that the money secured thereby had been loaned for the plaintiff, through the agency of a firm of attorneys, with which the bond and mortgage had been left by the plaintiff. The firm intrusted the business to the immediate control of a clerk, to whom the interest on the debt was from time to time paid, and was by him indorsed upon the bond, which, with the mortgage, was accessible to him, and to whom it was claimed by the defendants that the principal sum secured by the mortgage had been paid. This payment of the principal was made before the same, by the terms of the bond and mortgage, became due.

Upon the trial evidence was offered to show such payment of the principal, which was rejected, although the defendants proved that the bond and mortgage had been surrendered by the clerk, with a discharge purporting to be subscribed with the name of the plaintiff, the execution of which had been proved by the clerk as a subscribing witness, and that this discharge had been filed with the register and the mortgage discharged of record. It appeared, however, that the plaintiff had not signed such discharge.

*Held,* that the payments of the principal, which took place prior to the time that the principal sum secured by the mortgage became due, were not good as against the plaintiff, as no authority had been conferred by him, either upon the firm or upon its clerk, to anticipate the day of payment by receiving any part of the principal sum before it became due.

That possession of the bond and mortgage, in the absence of any other actual authority, conferred no power to collect or receive the money before it became due.

That the plaintiff was entitled to enforce payment of the bond and mortgage.

APPEAL by the defendants Mary S. Farley and Patrick Farley individually and as administrator of the estate of Eliza M. V. Farley, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York, on the 7th day of January, 1890, after a trial before the court, without a jury, by which it was adjudged that the sum of $17,000, secured by a certain bond and mortgage, to foreclose which the action was brought, with interest thereon, was due and owing to the plaintiff; that the plaintiff was entitled to a judgment foreclosing the rights of all parties to the action and directing a sale of the mortgaged premises.

*Field & Deshon*, for the appellants.

*Jones & Roosevelt*, for the respondent.

DANIELS, J.:

The judgment, from which the appeal has been brought, is for the foreclosure of a mortgage upon premises known as 1990 Madison avenue, and the sale of the premises, and the recovery of any deficiency thereafter remaining, against Patrick Farley, as administrator of Eliza M. V. Farley, deceased. The mortgage was given by the defendant, Franklin A. Thurston, who was at that time the owner of the premises, to secure a loan made to him by the plaintiff, amounting to the sum of $17,000. The defendant Thurston conveyed the premises to Terrence Farley, who assumed the payment of the mortgage. And he in like manner conveyed them to Eliza M. V. Farley, who assumed and agreed to pay the mortgage, and upon whose decease letters of administration were issued to the defendant Patrick Farley. She, in her lifetime, conveyed the premises to John T. Farley, subject to the mortgage, and he in the same form conveyed them to Mary A. Farley. The money was loaned for the plaintiff through the agency of the firm of Shipman, Barlow, Larocque & Choate, and the bond and mortgage were left with them for the benefit of the plaintiff. They intrusted the business to the immediate control and disposition of James D. Bedell, who was a clerk in their office, and was placed by them in charge of their real estate transactions of this description. The interest on the debt was from time to time paid to him and indorsed upon the bond, which, with the mortgage, was accessible to him. And in their

answer these appellants, by way of .defense, alleged that payment of the principal sum secured had also been made to him for the plaintiff in the action. And upon the trial they proposed to prove that they had made payments to Bedell, who, at the times they were made, had possession of the bond and mortgage, which, it was claimed, had satisfied and extinguished the mortgage debt. But this evidence was rejected, and the defendants excepted. They did prove that the bond and mortgage had been surrendered by Bedell with a discharge subscribed with the name of the plaintiff, the execution of which had been proved by Bedell as a subscribing witness. This had been filed with the register, and the mortgage discharged of record. But the plaintiff testified that his name had not been sub_ scribed by him to the discharge. And there was no evidence that it had been, and the court thereupon found the fact to be that the name of the plaintiff to the discharge had not been placed there by him, or by his authority, and that it was a forgery. The defendants consequently can derive no advantage from the discharge itself or the entry made of it on the record. It was, on the contrary, wholly inoperative.

The payments, which it was proposed to prove had, in the manner already stated, been made, took place in the years 1884 and 1885, while the principal secured by the mortgage did not, by its terms, become due until the 1st day of December, 1886. And it was not proved, nor offered to be proved, that any authority had been conferred by the plaintiff, either on the firm having the business in hand, or upon Bedell, to anticipate that time by receiving any part of the principal sum before its maturity, unless such authority is to be inferred from the possession of the bond and mortgage. There were two other loans made at the same time by the plaintiff to Thurston upon adjacent parcels of property. And their history, and the transactions concerning them, have been made a part of the evidence in this case. For those loans discharges were subscribed and acknowledged by the plaintiff himself, which were to be delivered when the debts secured were paid. But neither the dealings with the other mortgages nor the delivery of these discharges added anything which could be construed into . an · enlargement of the authority of Bedell, or of the firm in whose employment he was, over the debt or the securities now in· controversy. These. dis-

charges are stated to have been intended to be delivered when the debts were collected. But no authority was given to collect either debt until the time when it matured. The discharges were pro-vided to be used in that event, and without authority to use them otherwise. The case of the defendants must, therefore, be determined upon the facts relating to it alone, unaffected by these other and disconnected transactions. And from these facts, as no actual authority was delegated to receive the principal before it matured, the authority of Bedell is to be ascertained and defined. And that extended no farther than to collect the interest and the principal as each should become due. The authority to do that is deducible from the possession of the bond and mortgage, That possession, in the absence of any other actual authority, conferred no power to collect or receive the money before it became due. But it was at most to receive it only as it became due, and then to pay it over to the plaintiff. To exceed that by receiving the principal before it became due, would practically change the language and effect of the bond and mortgage, by nominating another time than that mentioned for the payment of the debt, and that the agent under this constructive authority could not do. He had them to collect as they had been made, and not to modify or act upon them differently. And their simple possession was notice to persons dealing with him on the faith of that fact, that such was the utmost extent of his authority. This was the inference considered to be supported by the possession of a note in *Hutchings* v. *Munger* (41 N. Y., 155). It was there said that "all the evidence of Silence's authority was his possession of the notes for the purpose of receiving the money due thereon. This possession was evidence of his authority to receive payment, but failed to show any authority to do anything else." (Id., 158.) And the principle was applied to commercial paper in the cases of *Burridge* v. *Manners* (3 Camp., 193), and *Morly* v. *Culverwell* (7 M. & W., 174). In the last case it was said of a bill that it "is not properly paid and satisfied according to its tenor, unless it be paid when due." (Id., 181.) And it was followed and considered applicable to the payment of a mortgage in *Smith* v. *Kidd* (68 N. Y., 130). For there it was declared to be the law that, "even though an agent have authority to receive payment of an obligation, this does not authorize

him to receive it before it is due." (Id., 141.) And the principle has not been qualified or enlarged by anything which was decided in *Brooks* v. *Jameson* (55 Missouri, 505); *Butler* v. *Dorman* (68 id., 298) or *Seiple* v. *Irwin* (30 Penn., 513). On the contrary, in the last case the court held that a party making an unauthorized payment took the risk of the integrity of the agent receiving it, and " must bear the loss which his unfaithfulness imposed." (Id., 515.) In the case of *Heermans* v. *Clarkson* (64 N. Y., 171), the payment was held to be within the authority conferred upon the receiver, and, therefore, to have been legally made, while in this case no authority to receive the principal was either made to appear or offered to be shown.

The case is an unfortunate one for the defendants. But the disaster encountered has arisen from placing too much reliance on the assumed existence of an authority not indicated by the facts themselves. If the proof which was offered and rejected had been received, it would have established no defense. But the plaintiff would still be entitled to enforce and collect the mortgage. The apparent authority of the agent was only to receive the money when it became due, and for a previous payment that afforded the parties paying no protection, as long as the money was never paid over to the plaintiff, but was misappropriated and applied to his own use by the person receiving it.

Other positions have been taken in the brief of the counsel to sustain this appeal. But they are really identical with that already examined. And as that must be overruled, it follows that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.