LITTLE ROCK & FORT SMITH RAILWAY COMPANY *v.* WIGGINS.

Opinion delivered June 11, 1898.

1. AGENCY—APPARENT AUTHORITY.—A finding that certain payments of money on matured notes to a supposed agent of a creditor were binding on the creditor will be supported by evidence that such agent, within the debtor's.knowledge, had previously acted as agent for the creditor in accepting similar payments from the debtor and others, and that his acts were either authorized or ratified by the creditor. (Page 387.)

2. SAME—EXTENT OF AUTHORITY.—An agent, having authority merely to accept payment at maturity of notes due his principal, has no implied authority to alter the contract by accepting payment of a note before its maturity. (Page 387.)

Appeal from Crawford Circuit Court in Chancery.

JEPHTHA H. EVANS, Judge.

*Dodge & Johnson* and *S. R. Allen*, for appellant.

An agent's authority cannot be proved by his own declarations. 46 Ark. 226; 31 Ark. 217. Nor by general reputation. Mechem, Ag. § 101; 76 Ala. 572. The authority of the agents of a corporation is limited, and those dealing with such agents are bound to ascertain the extent of their authority. 48 Ark. 192; Mechem, Ag. §§ 276–289; 32 La. Ann. 656; 63 Tex. 381. Payment to agent will not bind principal, where purchaser has express or implied notice that payment must be made direct to principal. 34 N. Y. 419; 89 N. Y. 577; 39 O. St. 104. Discretionary power cannot be delegated to a sub-agent. 35 Ark. 198; 2 Am. & Eng. Enc. Law (2 Ed.), 972, and cases. The rule is even more strict as to corporations. *Ib.* 976, and notes. An agent must have special authority to receive payment of a debt before it is due. 68 N. Y. 141; 1 Stark. 185; 13 East, 437; 39 N. Y. 121–122; 50 N. Y. 415; Story, Agency, § 98; 2 Am. & Eng. Enc. Law, 1029; 10 Am. Ry. Rep. 502; 58 Hun, 66; 89 Ga. 223.

*S. A. Miller*, for appellee.

The agent had authority to receive payment on the contract

before same was due.  An agent's acts within the real or ap-
parent scope of his authority bind his principal.  42 Ark. 97;
Mecham, Ag. § 287;  Story, Ag. §§ 73, 127, 130; 65 Tex.
460.  A general agent's authority is co-extensive with the busi-
ness to be transacted.  1 Am. & Eng. Enc. Law (2 Ed.), 1022.
An agent may release, vary or waive a contract when his au-
thority has not been withdrawn.  54 Mo. App. 272.

HUGHES, J.  This was a bill in equity for specific perform-
ance.  Plaintiff states that on the 1st day of October, 1886,
he contracted with appellant in writing to purchase of it the
northwest quarter of the northeast quarter of section 2, town-
ship 9 north, range 32 west, for $140, paying $35 down, and
agreeing to pay appellant at the land department of the Little
Rock & Ft. Smith Railway, at Little Rock, Ark., as follows:
October 1, 1887, $6.30;  October 1, 1888, $41.30; October 1,
1889, $4.20; October 1, 1890, $39.20; October 1; 1891, $2.10;
October 1, 1892, $37.10.  Alleges payment.

Defendant answers, admitting the contract, and admits
payment of it all but the last three payments, and claims there
is due $92, and prays judgment by way of cross-complaint,
and asks same be declared a lien on the property, and, in de-
fault of payment, same be ordered sold, etc.

Decree for specific performance, and appeal by railway
company.

There is evidence in the case tending to show that the
payments of the several amounts of the purchase money had
been made by the appellee to J. M. Weaver, who, he supposed,
was the agent of the appellant, and was authorized to receive
the same.  The evidence on the part of the railway shows that
the three last payments had never been received by it, and that
Weaver had no authority originally to receive any deferred pay-
ments on land sold by the railway company.  But there is evi-
dence tending to show that Weaver had, on several occasions,
collected these deferred payments, and remitted them to the
company, and that the company had neither done nor said any-
thing in these instances to repudiate his action or authority.
There is in evidence a letter from the commissioner of the ap-
pellant's land department, addressed to Weaver as agent, in

which he is requested to collect some small balances due the company in other cases. There is also some testimony tending to show that various blanks pertaining to the sale of lands of the company were sent out from the land department to Weaver as agent, and that other persons, before the date of the payments herein referred to had been made, were known to have made small payments to Weaver, which were recognized by the railway company.

Considering all the facts and circumstances in proof, we cannot say that the court erred in holding, as it must have held, that the appellant company was estopped to deny that Weaver acted as agent of the company in receiving these deferred payments, and was bound by his actions within the scope of his apparent authority.

But the last payment received by Weaver was received by him nearly twelve months before it was due, according to the contract between Wiggins and the company. He had never been permitted to hold himself out as having authority to do this. He had never done it, so far as appears, before, nor had any of the company's agents ever exercised any such power or discretion. Besides, this last payment of $39 was made the 13th of October, 1891, and was not due till the 1st of October, 1892, and at the time the payment was made Weaver had ceased to have any connection with the appellant company, as he had been discharged by G. L. Myers, the agent of the company, in September, 1891. At all events, if it could be said that the company could be estopped to deny his agency on the 13th of October, 1891, when the payment of $39 was made to him, it has not been shown that he had any semblance of authority to receive this $39 nearly twelve months before it was due. He had no power to assume to alter the company's contract, and exercise its discretion, or manage its business in this behalf, and there is nothing to induce any one to believe he did have. Besides, the appellee failed to pay to him even the full amount due, which was $39.20, the amount paid being only $39.

We cite only a few of many cases to be found in the reports of different states to support this proposition. In the case of *Smith* v. *Kiddy*, 68 N. Y. 131, in which it was contended that payment of a mortgage for $2,400 had been

made, the court, discussing the authority of the attorney as agent to receive payment of the mortgage before maturity, said (page 141): "In regard to the $2,400 mortgage, this case presents the further feature that, at the time of the payment, the mortgage had still four years to run. No authority to change the terms of the contract can be implied from the fact that it was originally made through the attorney; and there is no evidence in this case of any such authority. Even though an agent have authority to receive payment of an obligation, this does not authorize him to receive it before it is due,"—citing *Campbell* v. *Hassel*, 1 Stark. 185; *Parnther* v. *Gaitskell*, 13 East, 437, 438; Story, Agency, 98; *Doubleday* v. *Kress*, 50 N. Y. 415; *Fellows* v. *Northrup*, 39 N. Y. 121, 122; 2 Greenl. Ev. § 65. "In order to discharge the makers by such payments, it would be necessary to prove either express authority or a general agency from which authority could be inferred, or establish a ratification by the principal." *Holland* v. *Van Beil*, 89 Ga. 223. Neither express authority, general agency, nor ratification appear in this case. In the case of *Schermerhorn* v. *Farley*, 58 Hun, 66, it is "held that the payments of the principal prior to the time that the principal sum secured by the mortgage became due were not good as against the plaintiff, as no authority had been conferred by him, either upon the firm or its clerk [who received the payments] to anticipate the day of payment by receiving any part of the principal sum before it became due."

We therefore conclude that the last payment of the purchase money due the appellant upon the land involved herein has not been made, and that the amount of the same is still due the company, with interest, according to the contract, and that the railroad company has a lien upon said land for its payment, and is entitled to foreclosure of the same.

The decree of the chancery court of Crawford county, except as to this last payment of purchase money, is affirmed, but, as to this payment, it is reversed, with directions to enter a decree in accordance with this opinion.