(68 Misc. Rep. 484.)

### JOHNSTONE v. BURHANS et al.

(Supreme Court, Special Term, New York County. August 1, 1910.)

1. MORTGAGES (§ 298*)—PAYMENT.

An attorney of a mortgagee, having possession of a bond secured by mortgage which permitted its payment by the mortgagor on or after July 1, 1907, upon giving 30 days' notice to the mortgagee of intention to pay, did not have apparent authority, by his possession of the bond, to receive payment thereof in October, 1907, where the debt was not matured by giving the 30 days' notice.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 838; Dec. Dig. § 298.*]

2. MORTGAGES (§ 316*)—SATISFACTION—CANCELLATION.

A mortgagee was not estopped by laches from suing on July 17, 1908, to cancel a satisfaction of a mortgage securing a bond, executed by her attorney without authority, upon payment of the bond on October 17, 1907; she not having learned of the facts making the satisfaction void until after her attorney's death on April 10, 1908.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 949–954; Dec. Dig. § 316.*]

3. MORTGAGES (§ 316*)—SATISFACTION—CANCELLATION.

Presentation of a claim by a mortgagee against her former attorney's estate for a payment wrongfully received by him without authority upon

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a mortgage bond did not ratify his wrongful act, so as to bar a subsequent action against the mortgagor to cancel the satisfaction executed by such attorney upon receiving payment; any amount recovered from the attorney's estate being for defendant's benefit.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 316.*]

Action by Ruth A. Johnstone against Mary A. Burhans and another. Judgment for plaintiff.

James W. & Charles J. McDermott (Thomas G. Flaherty, of counsel), for plaintiff.

Frank M. Tichenor (Richard M. Martin, of counsel), for defendants.

GIEGERICH, J. On December 29, 1906, the defendant Mary A. Burhans executed her bond to the plaintiff to secure the payment of $2,000 on the 1st day of January, 1908, "with the privilege to said obligor of paying the whole of said principal sum on or after July 1, 1907, upon giving 30 days' notice of her intention so to do." A mortgage was given to secure the payment of the sum specified in the bond. On or about the 17th day of October, 1907, the amount due on the bond and mortgage was paid to the plaintiff's attorney, since deceased. Subsequently it turned out that the satisfaction piece given to the defendant Burhans at the time she paid the amount due was a forgery.

On behalf of the mortgagor it is urged that the plaintiff's attorney had possession of the bond and mortgage, and that such possession clothed him with indicia of apparent authority sufficient to warrant the mortgagor in relying on such authority and paying the money to him. Williams v. Walker, 2 Sandf. Ch. 325; Hatfield v. Reynolds, 34 Barb. 612; Crane v. Gruenewald, 120 N. Y. 274, 24 N. E. 456, 17 Am. St. Rep. 643; Central Trust Co. v. Folsom, 167 N. Y. 285, 60 N. E. 599. It is established by the evidence that the mortgage was in the attorney's possession at the time of the payment; but it is not at all clear as to where the bond was at that time. There is some argument contained in the briefs as to whether the mortgage is not sufficient as indication of such authority without the bond; the contention being made on behalf of the mortgagor that under present-day conditions the bond is no longer the principal thing and the security or mortgage the incidental thing, but that the situation is reversed, and now that so many bonds are given by dummies, and attention is given by lenders so exclusively to the value of the property, that the rule of the old decisions which based the apparent authority of an agent in such a case upon the possession both of the bond and the mortgage, should be regarded as modified, and that possession of the mortgage alone should now be deemed to have such effect.

It is unnecessary to pass upon this point, however, because, as I view it, the case must go against the mortgagor on another ground. Even in the case where an agent has actual authority to receive payment of an obligation, he has no authority to receive it before the obligation is due. Smith v. Kidd, 68 N. Y. 130, 141, 23 Am. Rep.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

157; Schermerhorn v. Farley, 58 Hun, 66, 11 N. Y. Supp. 466, and cases cited. In the present case the obligation was not due at the time payment was made. According to the terms of the bond, the debt was due on the 1st day of January, 1908, with the privilege, however, of paying the same on or after July 1, 1907, upon giving 30 days' notice of the mortgagor's intention so to do. If such notice had been given to the mortgagee, doubtless the obligation would have been payable on the 17th day of October, 1907, the date when payment was made. But no claim is made that such notice was ever given to the plaintiff. I can see no justification for extending the rule of apparent authority to such a situation. It may be just as between the debtor and creditor to hold that, where the creditor leaves the evidences of the obligation in the possession of an agent after the due date, such possession by the agent shall be deemed sufficient evidence of authority to receive payment. In such a case, if the creditor is unwilling to trust the agent to make collection for him, it is quite within his power to take back into his own possession the evidences of the debt, and if he does not do so before maturity he has no just ground of complaint.

In the present case, however, a decision against the creditor (the plaintiff) would have the effect of imposing upon her the duty of withdrawing the evidence of indebtedness from her attorney's possession, not only before the debt became due according to the date fixed in the instruments, but also before she had received the 30 days' notice which she was entitled to if the debtor saw fit to accelerate the maturity of the loan. If such notice had been given, there would have been ample time for the plaintiff to withdraw from the hands of her attorney the mortgage and also the bond if the fact was that it was in his possession, or, if they could not have been obtained, she would have had an opportunity to notify the mortgagor not to pay the money to her attorney. I recognize that it is a hard case for the mortgagor, who doubtless acted in good faith in making the payment; but, as I view the case, the blame rests upon her rather than upon the mortgagee for the unfortunate outcome.

So far as concerns the defense of laches, there seems to have been no unreasonable delay on the part of the plaintiff. It would seem that she acted with reasonable promptness after the death of her former attorney and her discovery of the facts. Her former attorney died on April 10, 1908, and the action was commenced on July 17, 1908.

Neither do I think that the claim filed against the estate of her former attorney is any bar to a recovery in this action. Such a claim is not a ratification of his authority, but proceeds upon the theory that he obtained it wrongfully, but was, nevertheless, under obligation to turn it over to her, and that his estate is liable to her. Any recovery she might make from his estate would to that extent result to the benefit of the defendants, and hence they have no good ground for complaint at her attempt to make such recovery.

There should be judgment for the plaintiff, but without costs. The form of the decision and judgment to be entered hereon will be settled upon the usual notice.