RALPH LEDWELL, Respondent, *v.* ENTIRE SERVICE CORPORATION, Appellant.

Fourth Department, November 9, 1928.

*Pritchard, Deecke & Pritchard* [*G. E. Pritchard* of counsel], for the appellant.

*Curtin & Curtin* [*Murray Curtin* of counsel], for the respondent.

PER CURIAM. Plaintiff entered into a verbal contract with defendant under which defendant agreed to repair two automobiles for plaintiff. The automobiles were delivered to the defendant and the repairs made. The parties were in dispute as to the price which defendant agreed to charge for the work and materials. The jury found the agreed price to have been $400.

On completion of the work plaintiff tendered $400 to defendant and demanded delivery. This tender and demand were refused, the defendant demanding the sum of $844.02. Plaintiff brought this action of replevin and took possession of the cars. The defendant repossessed the cars; plaintiff then amended his complaint by also alleging a wrongful detainer and demanding damages.

The jury found that the contract was as contended by plaintiff, that a tender of the amount owing the defendant, to wit, $400, had been duly made before suit, and that the plaintiff had suffered damages in the sum of $1,450 by reason of the wrongful detention of the cars by defendant. The tender was not kept good by paying the money into court.

The tender discharged appellant's lien, but did not discharge the debt. (*Rush* v. *Wagner*, 184 App. Div. 502; *Hutchings* v. *Munger*, 41 N. Y. 155, 158; *Cass* v. *Higenbotam*, 100 id. 248; *Kortright* v. *Cady*, 21 id. 343.)

While respondent could not have successfully sued in equity to vacate and nullify appellant's lien without full payment or a tender made good (*Tuthill* v. *Morris*, 81 N. Y. 94; *Werner* v. *Tuch*, 127 id. 217), this law action in replevin and for damages is maintainable without keeping the adequate tender good. (*Tiffany* v. *St. John*, 65 N. Y. 314, 318, 319; *Hutchings* v. *Munger, supra; Werner* v. *Tuch, supra.*)

Appellant in its answer did not counterclaim for the $400 due it. However, respondent, both on the argument and in his brief has offered to deduct $400 from his due damages. For this reason the judgment should be modified by deducting from the amount of damages found the sum of $400 (*Cass* v. *Higenbotam*, 100 N. Y. 248, 252); and as thus modified the judgment and order appealed from should be affirmed, with costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment modified by deducting $400 from the damages found, and as modified affirmed, together with the order, with costs to respondent.