C. I. T. CORPORATION, Plaintiff, *v.* ISHAM PARK GARAGE, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 7, 1929.

*Joseph G. Myerson*, for the plaintiff.

*Karelsen & Karelsen*, for the defendant.

Genung, J. The facts of the case were stipulated to be substantially the following:

The plaintiff is an automobile finance company and the holder of a conditional sale contract on an Essex coupe automobile. The automobile was placed in the Isham Park Garage by the conditional purchaser, one Alkuino. On April 9, 1929, the garage had a valid lien for storage in the sum of thirty dollars, the agreement by Alkuino giving the garage a proper lien therefor. (Lien Law, § 184, as amd. by Laws of 1926, chap. 373.)

On April 9, 1929, the plaintiff finance corporation made written demand upon the defendant for possession of the machine, and tendered payment of thirty dollars, the amount due for storage, at the same time offering to give the defendant garage a proper indemnity if the car should be delivered to the plaintiff pursuant to the demand.

When a person who is entitled to possession thereof demands of the bailee, such as the garageman in the case of the storage of an automobile, the property which is the subject of a bailment, the bailee must deliver it, and for his refusal so to do is answerable in damages.

The bailee cannot expect more than the true owner offered to do in this case; that is, pay the lien for storage and repairs and protect the bailee by a proper indemnity. He cannot ask the owner to get an order from the bailor nor to litigate the claim. (*Ball* v. *Liney*, 48 N. Y. 6; *Western Transportation Co.* v. *Barber*, 56 id. 544.)

The garage here occupied the position of any ordinary bailee, and upon the demand as made was bound to deliver the automobile to plaintiff.

There is no merit to defendant's contention that the cases of *Ball* v. *Liney* and *Western Transportation Co.* v. *Barber* are not applicable

because the bailee in those cases was a warehouseman. Neither case was decided upon that fact, and both recognized the principles of the law of bailments indicated above.

The tender of the amount actually due the garage made by the plaintiff discharged the lien, and the garage defendant is, therefore, not entitled to the amount of its lien, and is answerable for plaintiff's damages in the sum of $150. (*Ledwell* v. *Entire Service Corporation*, 224 App. Div. 433; *Rush* v. *Wagner*, 184 id. 502.)

Plaintiff is entitled to judgment for possession of the automobile and for $150 damages against the defendant.