CABLE CO. *v.* WASEGIZIG.

CONDITIONAL SALE—WAIVER OF FORFEITURE.

Where a contract for the sale of a piano, to be paid for in installments, provides that title shall remain in the vendor until the piano is fully paid for, and, in case of default in any payment, the piano shall be returned to the vendor upon demand, the acceptance by the vendor, after a default, of part payment, waives the right to retake the piano for default of any prior installment.

Error to Schoolcraft; Steere, J. Submitted April 8, 1902. (Docket No. 18.) Decided April 22, 1902.

Replevin by the Cable Company against Enos Wasegizig and wife. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*C. W. Dunton,* for appellant.

*F. H. Peters (David Knox,* of counsel ), for appellees.

MOORE, J. This is an action in replevin, brought to obtain the possession of a piano. The plaintiff is the successor, on reorganization, of the Chicago Cottage Organ Company. The defendants are a laboring man living at Manistique, and his wife. In August, 1898, the Chicago Cottage Organ Company made a written contract with Mr. Wasegizig to sell him a piano for $360, and to credit him thereon for one organ $75; the balance to be paid, cash at date of contract $10, and at the rate of $10 a month, except four months during the winter at $5 a month. Some payments were made under this contract, but they were not all made according to its terms. A new contract was made between Mrs. Wasegizig and the company for the same piano, which contract was to stand in the place of the old one. This was dated November 9, 1899. The price to be paid was $360, as follows: $133 down, and $10 each month thereafter until all was paid. The $133 was made up of payments made under the old contract. The title of the piano was to remain in the company until the piano was paid for, and provision was made that in case of default in the payment of said amounts, or any of them, upon demand the subscriber should return the piano to the company, and that all money paid thereon should belong to the company as stipulated damages, and, in case of default in any payment, the whole of the payments might be declared due. Ten dollars was paid November 18, 1899, $10 May 20, 1900, $10 May 25, 1900, and $5 July 24, 1900. During the summer and fall of 1900 some correspondence was had with the company by the defendants about their failure to make the payments according to the terms of the contract. September 13, 1900, the company sent a letter to Mr. Wasegizig, reading as follows:

" *Dear Sir:* We have your letter of the 8th inst., referring to the piano contract signed by your wife, Mrs.

Jane E. Wasegizig, and in reply to same will say that, if you have $40 or $50 which you will pay this week, we will accept it, and allow the piano to remain in your possession for the present. It is to be understood, however, that you will make at least reasonable payments from now on. We do not want the piano, but we want our money, and, if you will treat us right along this line, we will assure you of courteous treatment in return."

Afterwards, and before any further payments were made, the piano company's agent, Vigent, and another agent from the house, came to Wasegizig's for some money. They wanted $50. The Wasegizigs could not raise that amount. Then $25 was suggested, and that was also beyond their reach.

" *Q.* Then what did this man say ?
"*A.* Well, he said, 'If you can get a little money, take it to the bank.' So I got money,—$10,—and took it over there.
" *Q.* Did he tell you how much money to take to the bank ?
"*A.* 'As much as you can get,' he said; and I got only $10.
" *Q.* Did you get a receipt for the money from the bank when you paid the $10 ?
"*A.* 'Any time you get money,' he says, 'take it over,' he says; and that is the receipt I got."

Demand of payment or return of the property was made by plaintiff October 18, and this suit in replevin was brought October 20, 1900.

In his charge to the jury the circuit judge told them:

"In this case the plaintiff has claimed a forfeiture, and insisted on the forfeiture; and it would therefore be its duty to show that it has done everything which it is bound to do to entitle it to insist on that forfeiture, and that it has done nothing to waive that right. Failure to pay these installments when they were due was a default which did not necessarily render this contract void, but it rendered it voidable. It was voidable at the option of plaintiff in this case, and it then remained for the plaintiff to elect whether it would declare the contract void, retake the goods, and declare a forfeiture of the pay-

ments already made, or whether the plaintiff would continue it in force, and thereby become entitled to keep the payments.

"It appears from the undisputed evidence that on the 8th of October an installment was paid. These installments fell due monthly on the 11th of each month, and after the 8th of October no installment would be due again until the 11th of November; and so, by then accepting this installment, paid on the 8th day of October, which was a part of the purchase money, the contract was recognized by this plaintiff as then being in force, and the forfeiture was then waived as to any previous defaults which had arisen, and it could not be insisted upon thereafter by the plaintiff in this case until a subsequent default arose by reason of failure to make another monthly payment according to the terms of the contract. The testimony being undisputed upon this point, I instruct you that the plaintiff appears by the evidence to have elected to recognize this contract as continuing in force, and therefore was not entitled to replevin this piano at the time this suit was brought, which was on the 20th of the same month, and your verdict will be for the defendants."

The sole question involved in the case is whether what was done operated as a waiver of any further payment until the 9th of November. The plaintiff insists it did not,— citing *Hutchings* v. *Munger*, 41 N. Y. 155; *Mosby* v. *Goff*, 21 R. I. 494 (44 Atl. 930); *People's Carpet Co.* v. *Crosby*, 57 Neb. 282 (77 N. W. 658, 73 Am. St. Rep. 504); *O'Rourke* v. *Hadcock*, 114 N. Y. 541 (22 N. E. 33); *Fairbank* v. *Phelps*, 22 Pick. 535. An examination of these cases will show that all of them, except the last one, are unlike the case at bar. In all the others the entire amount of the purchase price was due. Some payments had been made after a failure to comply with the terms of the contract. Without making demand for the payment of the balance, the several vendors took possession of the property. In each of the cases the court held that the acceptance of payments under such circumstances was a waiver, and the vendor could not take the property until demand of payment was made, and in each of those cases judgment was entered in favor of the purchaser.

In *Fairbank* v. *Phelps, supra,* the following language was used:

"It is true that Potter requested Shewbrooks to pay the price agreed; but this request was complied with in part, and Potter, by accepting part payment, impliedly waived his request for any further payment at the time, and confirmed the sale, subject to the condition. If he had intended to terminate the contract of sale, he would have declined receiving any part of the price, and would have insisted on the restoration of the wagon."

The case of *Cole* v. *Hines,* 81 Md. 476 (32 Atl. 196, 32 L. R. A. 455), is based upon a contract and a state of facts almost identical with the case at bar. In that case the court said:

"It will be observed, however, that this is not like the cases cited by the appellee, where there is a debt absolutely due and payable, and the creditor gratuitously promises to grant an extension of time for the payment. By the express terms of this contract, the vendor, in the event of a default by the buyer, had a right either to declare a forfeiture and retake the goods, or to waive the default and continue the contract in force. The declaration alleges conduct by the seller which, as will be subsequently seen, did amount to a waiver of the default; and the question is whether the defendant was bound by that waiver, or whether he could subsequently, and for the same defaults that were so waived, enforce the forfeiture. It is therefore not the case of a mere promise to give indulgence to a debtor or to waive a future default, but one involving the consideration of the effect of an actual waiver.

"In all contracts where time is of the essence, a breach of the contract in that respect by one of the parties may be waived by the other party's subsequently treating the contract as still in force. *Pinckney* v. *Dambmann,* 72 Md. 178 (19 Atl. 450); *Webb* v. *Hughes,* L. R. 10 Eq. 281; *Black* v. *Woodrow,* 39 Md. 194. In these cases of conditional sales, the acceptance by the seller of an installment of the purchase money after default is a recognition of the contract as still subsisting, and a waiver of the forfeiture. *Hutchings* v. *Munger,* 41 N. Y. 158; *Hurst* v. *Thompson,* 73 Ala. 158. And other acts than acceptance may have the same effect. A party cannot take

two inconsistent positions. If he has a right either to rescind a contract on account of a breach by the other party, or to continue it in force, and he elects to continue it in force, he thereby abandons the right to rescind, and is bound by the election so made. *Bollman* v. *Burt*, 61 Md. 422; *Maryland Manfg. Co.* v. *Lorentz*, 44 Md. 233; *Lawrence* v. *Dale*, 3 Johns. Ch. 23.  *  *  *  The failure of the appellant to pay the installments when due was a default which did not render the contract void, or cause the entire purchase money to become due, but the contract was thereby made voidable at the option of the appellee. It was then necessary for the appellee to elect whether he would avoid the contract, retake the goods, and declare a forfeiture of the installments already paid, or whether he would continue it in force, and become entitled to the future payments. He made his election to continue the contract in force by his notification to the appellant, who had a right to rely upon it; and, having thus waived the forfeiture on account of this particular default, it follows that he could not subsequently insist upon it."

See *Hill* v. *Townsend*, 69 Ala. 286. Neither of the agents representing the company when the payment of $10 was made was sworn as a witness. The testimony of Mrs. Wasegizig is in very broken English, but the record, as a whole, clearly shows that she was given to understand, if she would pay what she could to the bank, that the piano would not be taken from her unless another default occurred. We think the judge made a right disposition of the case.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred. LONG, J., did not sit.