THEATRE EQUIPMENT ACCEPTANCE CORP. *v.* BETMAN.

1. CHATTEL MORTGAGES—DEFAULT—ACCELERATION CLAUSE—WAIVER.
   While default in payment under chattel mortgage containing acceleration clause presents right to its exercise by mortgagee, it may be waived, and is waived by acceptance of subsequent payments.

2. SAME—WHEN RIGHT OF ACCELERATION AGAIN ARISES AFTER WAIVER.

Where right of acceleration on mortgagor's default in payment of part of first note was waived by mortgagee's acceptance of payment of notes subsequently falling due, right of acceleration could not again arise until there was subsequent default wholly independent of prior default.

3. SAME—WHEN TITLE PASSES TO BUYER.

Where contract for sale of theatre equipment provided that title should remain in seller until buyer executed notes therefor secured by chattel mortgage, title passed to buyer on execution of said notes and mortgage and their acceptance by seller.

4. SAME—REPLEVIN—DAMAGES FOR WRONGFUL TAKING.

Chattel mortgagor, waiving return of mortgaged property wrongfully taken by mortgagee under writ of replevin, is entitled to recover value thereof as of time of taking less amount of mortgagee's lien thereon at that time, and damages, if any, for wrongful taking (3 Comp. Laws 1929, §§ 14839, 14844).

Appeal from Wayne; Rathbun (G. Arthur), J., presiding. Submitted April 21, 1932. (Docket No. 116, Calendar No. 36,443.) Decided June 6, 1932.

Replevin by Theatre Equipment Acceptance Corporation, a foreign corporation, against Annie Betman, doing business as New Hancock Theatre, for theatre equipment. Judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Winn, Zinn, & Freimuth,* for plaintiff.

*Arthur H. Rice* (*Paul B. Barak,* of counsel), for defendant.

WIEST, J. May 21, 1929, defendant, by order and conditional sale contract, purchased certain theatre equipment from the National Theatre Supply Company, Inc. The contract provided:

"Title to the goods ordered shall remain in you (seller) * * * at your option, until the undersigned

(defendant) has delivered to you the undersigned's promissory notes therefor secured by chattel mortgage in form and substance satisfactory to you."

June 27, 1929, defendant executed, and the National Theatre Supply Company accepted, a chattel mortgage on the equipment to secure payment of 12 promissory notes, of $177.48 each, the first being due July 27, 1929, and one maturing the 27th of each month thereafter. The mortgage and notes contained an acceleration clause. August 17, 1929, the National Theatre Supply Company assigned the mortgage and indorsed the notes over to the Theatre Acceptance Corporation, plaintiff herein. The same day defendant paid $100 on the first note due July 27th, leaving $77.48 due thereon, and August 31st, she paid in full the note due August 27th, and October 1st, paid in full the note due September 27th. October 24, 1929, three days before maturity of the fourth note, plaintiff caused demand to be made for full payment of all of the notes under the acceleration clause, basing such election on the unpaid balance due on the first note. Upon refusal of defendant to pay, plaintiff demanded possession of the property, and, upon refusal of such demand, brought this action in replevin and obtained the property under the writ.

The issues were tried without a jury and the court found there was no unlawful detention of the property, and defendant, waiving a return, was awarded judgment for the value thereof.

The appeal of plaintiff presents three questions requiring opinion:

1. "Was there a waiver of default precluding plaintiff from demanding possession of mortgaged property based on such default where a payment of

$100 had been made and accepted on note No. 1, providing for payment of $177.48 and payment in full of notes Nos. 2 and 3 had been made and accepted and plaintiff had written a letter which defendant received demanding payment of the balance of note No. 1, 20 days prior to the demand for possession?''

2. ''The court found that the plaintiff did not in good faith deem itself insecure so as to be entitled to possession under the insecurity clause contained in the chattel mortgage.''

3. ''In replevin suit where plaintiff is assignee of mortgagee, defendant is mortgagor and the court finds possession of mortgaged chattels was taken prematurely by plaintiff and the defendant waives return of the property, should the amount admittedly owing plaintiff on the mortgage be deducted from the value of the property in assessing the defendant's damages?''

1. An acceleration option does not have to be exercised. Default presents the right, but it may be waived, and is waived by acceptance of subsequent payments. The right, if not exercised upon a first default, does not, however, prevent acceleration upon a subsequent default. Defendant's partial default in the first payment gave plaintiff right to have acceleration, but this right was waived by acceptance of subsequent payments, and could not arise again until there was a subsequent default, and then wholly independent of the old default. At the time of the seizure no payment, except the first, was in default, and that default had been waived, so far as right to declare acceleration based thereon, and plaintiff had no right to declare acceleration. The question is controlled by *Cable Co.* v. *Wasegizig,* 130 Mich. 387.

2. We think the claim, advanced by plaintiff, that it had a right to possession of the property because it considered itself insecure is an afterthought and without foundation in fact. Plaintiff's assignor guaranteed payment.

3. Upon the subject of damages, plaintiff cites 3 Comp. Laws 1929, § 14839, relative to partial interest of parties in property involved in replevin, and defendant cites 3 Comp. Laws 1929, § 14844, relative to waiver of return of property replevined and judgment for value thereof. It will be noted that section 14844 contains a provision subjecting itself to the provisions of section 14839 in proper cases. Section 14839 commands "such judgment as shall be just between the parties."

When defendant executed, and plaintiff's assignor accepted, the chattel mortgage, as provided for in the conditional sale contract, title passed to defendant, subject to the mortgage lien, and this lien survived determination of the replevin suit. Judgment for the value of the property ignored plaintiff's mortgage lien, and was unjust.

Defendant, having waived return of the property, was entitled to recover the value thereof as of the time of the taking, less the amount of plaintiff's lien thereon at that time, and to have damages, if any, occasioned by the wrongful taking.

For this reason, the judgment must be reversed, and a new trial had for proper determination of the mentioned rights and the assessment of defendant's damages, if any. Plaintiff will recover costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.