UNITED STATES SAVINGS BANK OF NEWARK, NEW JERSEY, a corporation of the State of New Jersey, Assignee of Colonial Mortgage Service Company, Plaintiff,

v.

CONTINENTAL ARMS, INC., a corporation of the State of Delaware, Defendant.

Superior Court of Delaware, New Castle.

May 14, 1975.

Norman N. Aerenson, Aerenson & Balick, Wilmington, for plaintiff.

Courtney H. Cummings, Jr., Wilmington, for defendant.

## OPINION

O'HARA, Judge.

On July 20, 1972, a mortgage was entered into between defendant, the mortgagor, and the Colonial Mortgage Service Company ("Colonial"). Colonial at the same time assigned the aforesaid mortgage to the plaintiff, United States Savings Bank of Newark, N. J.

Defendant made its monthly payments on the mortgage for the period up to and including May 1, 1974. Installments for July, August, September and October, 1974, were not paid. On October 8, 1974, defendant tendered, and plaintiff accepted, a check for $9,000.00. At that time, defendant was in default of its monthly payments for principal and interest for four months and, in addition, a tax and insurance escrow account maintained pursuant to the terms of the mortgage was overdrawn in the amount of $3,113.94.[1] Plaintiff allocated the $9,000.00 payment to the escrow account in order to eliminate the overdraft and to offset future taxes and insurance.

In November, 1974, plaintiff instituted the instant foreclosure proceeding, alleging in its complaint, that the last installment of principal and interest paid by the defendant was that installment due and payable on May 1, 1974. By reason of several monthly defaults, plaintiff avers, the entire sum remaining unpaid on the mortgage note has become due pursuant to the terms of the mortgage. It, therefore, seeks judgment in the amount of FIVE HUNDRED FIFTY–SIX THOUSAND NINE HUNDRED FIFTY–SIX DOLLARS AND TWENTY–SIX CENTS ($556,956.26) with interest from May 1, 1974 and five percent counsel fees, plus an escrow overdraft in the amount of $3,113.86 and late charges of $1,400.60. Plaintiff has moved for summary judgment on the pleadings.

---

1. That sum represents the amount of taxes and insurance payments plaintiff had made in excess of the amounts in the escrow account.

Plaintiff's claimed right to the relief requested is predicated upon the following provisions contained in the mortgage note and incorporated by reference in the mortgage:

"In case default be made for the space of ten days in the payment of any installment of principal or interest or in the performance by the maker of any of the other obligations of this note or said mortgage:

(a) The entire unpaid balance of the principal debt, additional loans or advances and all other sums paid by any holder hereof to or on behalf of the maker, pursuant to the terms of this note or said mortgage, together with unpaid interest thereon shall at the option of the holder and without notice, become immediately due and payable and;

(b) The maker hereby empowers any attorney of any Court of record within the United States of America, or elsewhere, to appear for the maker and with or without complaint filed, confess judgment or a series of judgments against the maker in favor of any holder as of any term present or future, for the then unpaid balance of the principal debt, additional loans or advances and all other sums paid by the holder hereof to or on behalf of the maker, pursuant to the terms of this note or said mortgage, together with unpaid interest thereon, cost

of suit and an attorneys commission for collection of five percent (5%) of the total of the foregoing sums, but in no event, not less than two hundred ($200.-00) dollars, which judgment or judgments, one or more executions may issue forthwith."

■ Defendant offers two principle arguments in opposition to plaintiff's motion.[2]

The first argument advanced is that plaintiff has failed to make a record sufficient to support summary judgment, i. e. that material issues of fact exist on the record. Defendant contends that a material issue of fact exists with regard to plaintiff's allocation of the $9,000.00 payment in October, 1974 to the escrow account. This $9,000.00, according to defendant, was intended as a payment on the arrearage of principal and interest. Likewise, defendant asserts, factual issues exist relative to plaintiff's collection of rents on the mortgaged property since November, 1974, pursuant to the terms of the mortgage,[3] and plaintiff's rights and obligations with respect to the allocation of said rent money. Defendant has filed an affidavit alleging that plaintiff has collected approximately $25,000.00 in rents during the months of November and December, 1974 and January, 1975. Accordingly, defendant asserts, plaintiff is required to allocate said sum to the principal and interest arrearage exist-

---

2. An additional argument made by defendant is that summary judgment is improper in this case inasmuch as plaintiff has failed to demand a sum certain.

A complaint must contain a demand for judgment for the relief to which the plaintiff deems itself entitled. Superior Court Civil Rule 8(a)(2); Twin Coach Company v. Chance Vought Aircraft, Inc., Del.Super., 2 Storey 588, 163 A.2d 278 (1960). Plaintiff, who has demanded judgment in an amount which is readily ascertainable, has sufficiently complied with the rules of pleading, and, therefore, failure, or inability, to compute the necessary mathematical computations to arrive at a sum certain will not prevent plaintiff's obtaining summary judgment, if otherwise appropriate.

3. Paragraph eight states in pertinent part:
The mortgagor shall . . .
"[I]f requested by the Mortgagee and whether or not there shall be any default in the performance of the terms hereof, assign to it as additional security, any and all leases for any part of the mortgaged premises whether now existing or hereafter created, with the right in the Mortgagee to collect all rent due and to become due hereunder, and apply the same to the payment of (a) the cost of necessary repairs, or (b) the cost of keeping the premises insured as aforesaid, or (c) taxes, charges, claims, assessments, water rents or any other liens or payment to the mortgage debt, or (d) the interest and principal due hereunder, in such order or priority as Mortgagee in its sole discretion, may determine."

ing, if said sum has not been applied for other permissible purposes, under the aforesaid paragraph eight of the mortgage, such as repairs, insurance, taxes, assessments, or liens. Said sum, if so applied, defendant contends, would cure any arrearage under the mortgage.

Defendant's second argument, simply stated, is that plaintiff's acceptance of the $9,000.00 payment in October, 1974, if applied to the principal and interest arrearage, as intended by defendant, would constitute a waiver of the right to invoke the acceleration clause in the mortgage.

The Court will discuss defendant's arguments seriatim.

■ It is, of course, fundamental that summary judgment is inappropriate where a genuine issue of material fact appears on the record. Ebersole v. Lowengrub, Del. Supr., 4 Storey 463, 180 A.2d 467 (1962); Palivoda v. Bruette, Del.Super., 250 A.2d 808 (1969). Moreover, the facts must be viewed in a light most favorable to the non-moving party. Hazewski v. Jackson, Del.Super., 266 A.2d 885 (1970). Nevertheless, this Court believes that neither of the factual issues raised by the defendant herein are material.

■ First, assuming that the $9,000.00 payment in October, 1974, should have been applied to the arrearage of principal and interest, said sum was insufficient to cover the entire arrearage existing, to-wit, the installments due in June through October, 1974. At most, the $9,000.00 would remove the default on the June and July installments, thus leaving a default for the months of August through October, in addition to the overdraft on the escrow account. Pursuant to the acceleration provision in the mortgage, either the default on the monthly installments for the three months aforesaid or the overdraft in the escrow account was sufficient to warrant the invocation thereof.

■ Secondly, the Court will assume that plaintiff had collected approximately $25,000.00 in rents during the period of November, 1974 through January, 1975, and will further assume that said sum should be allocated to the arrearage in principal and interest. However, plaintiff's election to accelerate payment under the mortgage provisions, by instituting suit in this Court, in November, 1974, if the right to accelerate had not been waived, brought the note and mortgage to maturity at that time, and, therefore, the sums collected as rent would not cure, but would merely offset, the amount due and owing, i. e., the unpaid balance remaining on the note. If the right to accelerate had been waived, by the acceptance of the $9,000.00 check in October, 1974, the issues surrounding the amount of rent collected, as well as the proper allocation thereof, would likewise be immaterial.

■ The Court now addresses itself to defendant's second argument, to-wit, that plaintiff has waived the right to accelerate payment. An acceleration clause in a mortgage or mortgage note, such as the documents at issue herein, is a common provision which enables the mortgagee, if he so elects, on any specified default to declare the entire amount of the obligation due and, on failure to pay, to foreclose on the mortgage. See Osborne on Mortgages, § 326; 55 Am.Jur.2d, Mortgages, § 371. Such provisions, being construed by the courts, not as penalties, but as contract terms dictating when a debt is payable, are uniformly enforced in law and in equity. See Glenn on Mortgages, § 51; 55 Am. Jur.2d, supra, § 371; Osborne, supra, § 326; Cf. Clark v. Equitable Life Assurance Society of U. S., Del.Supr., 281 A.2d 488 (1971). An acceleration clause in a mortgage does not, however, ipso facto mature the whole debt upon default, but rather confers upon the holder the option to declare acceleration of the due date. 55 Am.Jur.2d, supra, § 373; Anno. 159 A.L.R. 1077, 1084. In any event, the institution of

a foreclosure suit constitutes a clear and unequivocal election to accelerate the maturity of the debt. See 59 C.J.S. Mortgages § 495(5)(b); 55 Am.Jur.2d, supra, § 387; Osborne, supra, § 326; S. D. Walker, Inc. v. Brigantine Beach Hotel Corp., 44 N.J.Super. 193, 129 A.2d 758 (1957).

■ A valid enforceable acceleration provision may be waived by the mortgagee's acceptance of the amount in default prior to his election to accelerate. Osborne, supra, § 326; 59 C.J.S., supra, § 495(6)(b)(a). Nevertheless, it is clear that the mortgage must accept the *entire* sum in arrears, not a portion thereof, in order to occasion a waiver of the acceleration provision contained in a mortgage. See Anno. 97 A.L.R.2d 947, 1004–1006; Glenn, supra, § 51; 59 C.J.S., supra, § 495(6)(b)(a); 55 Am.Jur.2d, supra, § 389; Bisno v. Sax, 175 Cal.App.2d 714, 346 P.2d 814 (1960).

■ The plaintiff herein, by accepting the check for $9,000.00 on October 8, 1974, did not waive its right to enforce the acceleration clause quoted above. Defendant's monthly obligations under the mortgage being approximately $5,600.00, the deficiency existing as of October 8, 1974, was clearly in excess of the $9,000.00 payment on that date, and, thus, receipt by the mortgagee of the entire amount in default did not occur. Defendant, remaining in default, plaintiff unequivocally and properly, elected to enforce the acceleration provision by instituting this Scire Facias Sur Mortgage action in this Court.

The Court, therefore, concludes for the reasons herein stated, that plaintiff's motion for summary judgment should be granted. However, plaintiff's complaint must be amended to indicate that defendant's monthly installments of principal and interest terminated on July 1, 1974, not May 1, 1974. The sum demanded therein must take into account the $9,000.00 payment made in October, 1974, as well as the rent money collected but not applied for a purpose permissible under paragraph eight of the mortgage. Upon notice the Court will entertain an appropriate motion and order.