IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY

WILMINGTON SAVINGS FUND  :
SOCIETY, FSB, d.b.a CHRISTIANA  :
TRUST, not individually but as Trustee  :
for Ventures Trust,  :
      Plaintiff  :
     :      C.A. No.: S14L-11-009-RFS
     :
    v.     :
     :
WENDY GILLETTE,  :
      Defendant  :

**MEMORANDUM OPINION**

Upon Plaintiff's Motion for Summary Judgment. Granted.

Date Submitted: March 22, 2017
Date Decided: March 29, 2017

Antranig N. Garibian, Esq., Garibian Law Offices, P.C., 1010 Bancroft Parkway, Suite 22, Wilmington, DE 19805, Attorney for Plaintiff

John R. Weaver, Esq., John R. Weaver, P.A., 831 North Tatnall Street, Suite 200, Wilmington, DE 19801, Attorney for Defendant

STOKES, J.

## I.    INTRODUCTION

This matter is presently before the Court on the motion of the Plaintiff, Wilmington Savings Fund Society, FSB, d.b.a. Christiana Trust, not individually but as Trustee for Ventures Trust ("Plaintiff"), for summary judgment. The Defendant, Wendy Gillette ("Defendant"), opposes the Motion. She argues that the Motion should be denied because: (1) Plaintiff did not abide by the notice requirements listed in Paragraph 22 of the Mortgage[1] and (2) Plaintiff erred in failing to join

---

[1] Def.'s Resp. Pl.'s Mot. Summ. J., Ex. A.

1

Pamela Slingluff's ("Slingluff") estate as a party to this action. For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**.

## II.     FACTS

Defendant and Slingluff executed a Mortgage on August 17, 2005, using the 18 Park Avenue, Rehoboth Beach, DE property as stated security in the Mortgage. Bank of America, N.A. was the Mortgagee.[2] The Mortgage contained a provision stating that, upon Defendant's failure to pay any obligation or any portion thereof, the loan shall be in default and Plaintiff, after notice and opportunity to cure, may accelerate the sum secured by the Mortgage and foreclose upon the aforementioned property.

On December 7, 2012, Pamela Slingluff departed this life. On November 10, 2014, Plaintiff filed a *scire facias sur* mortgage foreclosure action against Defendant. Plaintiff sought the principal sum of the amount remaining on the Mortgage with interest from December 1, 2012, together with reasonable fees, late charges, and costs. In short, Plaintiff requests judgment be entered against Defendant in the amount of $1, 963, 597.94.[3]

## III.     STANDARD OF REVIEW

The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[4] The moving party bears the initial burden of showing no material issues of fact are present.[5] If the moving party properly supports their motion, the burden then shifts to the non-

---

[2] On July 11, 2016, Wilmington Savings Fund Society, FSB, d.b.a Christiana Trust, not individually but as Trustee for Ventures Trust was substituted for Bank of America, N.A. as the Plaintiff in this action.
[3] On February 3, 2016, Defendant filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Columbia. On September 20, 2016, the United States Bankruptcy Court for the District of Columbia ordered that the Automatic Stay concerning Defendant's pending bankruptcy be lifted in order for this action to proceed.
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id.* at 681.

moving party to rebut the contention that no material issues of fact exist.[6] In considering a motion for summary judgment, the Court must review the record in a light most favorable to the non-moving party.[7] The Delaware Supreme Court illustrates the parameters of granting summary judgment as follows:

> Under no circumstances, however, will summary judgment be granted when, from the evidence produced, there is a reasonable indication that a material fact is in dispute. Nor will summary judgment be granted if, upon an examination of all the facts, it seems desirable to inquire thoroughly into them in order to clarify the application of the law to the circumstances.[8]

## IV.     ANALYSIS

### A.    Was Defendant Provided with Proper Notice of the scire facias sur Mortgage Foreclosure Action?

Defendant contends that, under Paragraph 22 of the Mortgage, she was entitled to notice specifying (1) the default; (2) the action required to cure the default; (3) a date, not less than 30 days from the date the notice is given, by which the default must be cured; and (4) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by the security interest and foreclosure by a judicial proceeding.[9] She further states that no such notice was provided.[10] Therefore, she claims that this is a material fact in dispute, which would require denial of the Motion for Summary Judgment.

It is well-settled law in Delaware that "the filing of a complaint for foreclosure 'constitutes notice of the most unequivocal character that the mortgagee wishes to avail himself of the acceleration provision of the mortgage.'"[11] Thus, Defendant received adequate notice when served

---

[6] *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 99 (Del. 1992).
[7] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).
[8] *Id.* at 468.
[9] Def.'s Resp. Pl.'s Mot. Summ. J., 2.
[10] *Id.* at 3.
[11] *Wilmington Sav. Fund Soc., F.S.B. v. Meconi*, 1989 WL 124888, at *4 (Del. Super. Ct. Oct. 3, 1989)(internal citations omitted); *Kennedy v. Gianonne*, 1987 WL 37799, at *1 (Del. June 16, 1897); *LaSalle Nat. Bank v. Ingram*, 2006 WL 1679418, at *2, (Del. Super. Ct. May 16, 2006); *U.S. Sav. Bank of Newark, N.J. v. Continental Arms, Inc.*, 338 A.2d 579, 583 (Del. Super. Ct. 1983).

3

with the *scire facias sur* complaint. There is no need for the Court to consider whether the notice met the requirements of Paragraph 22, as the Complaint is sufficient. Therefore, Defendant cannot claim that lack of notice serves as a bar to Plaintiff's Motion.

   *B. Is the Estate of Pamela Slingluff ("Slingluff") a Necessary Party to This Action?*

Defendant claims that Slingluff must be joined to the suit because she was one of the Mortgagors responsible for the Mortgage, making her a necessary party. Defendant fails to understand a key point: she became the sole owner of the property by operation of law upon Slingluff's death; therefore, she is the only defendant in this suit. In her Answer to the Complaint, Defendant admitted that, upon her death in December 2012, Slingluff left her interest in the 18 Park Avenue property to Defendant.[12] This necessarily means that, once Slingluff's estate was settled in Baltimore County, Maryland, Defendant was the sole owner of 18 Park Avenue. Therefore, there is no need for Slingluff's estate to be joined to this action.

Both of the arguments presented by Defendant in opposition to Plaintiff's Motion for Summary Judgment are without merit. Therefore, there are no issues of material fact; summary judgment is appropriate.

## V.    CONCLUSION

For these reasons, the Court finds that there are no issues of material fact and Plaintiff is entitled to summary judgment as a matter of law. Therefore, Plaintiff's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**

---

[12] Def.'s Answer, para. 1.

4