IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILMINGTON SAVINGS FUND
SOCIETY, FSB, d.b.a CHRISTIANA
TRUST, not individually but as Trustee
for Ventures Trust,
     Plaintiff

                                    C.A. No.: S14L-11-009-RFS

     v.

WENDY GILLETTE,
     Defendant

## ORDER

Upon Defendant's Motion for Reargument. Denied.

Date Submitted: April 26, 2017
Date Decided: May 3, 2017

Antranig N. Garibian, Esq., Garibian Law Offices, P.C., 1010 Bancroft Parkway, Suite 22, Wilmington, DE 19805, Attorney for Plaintiff

John R. Weaver, Esq., John R. Weaver, P.A., 831 North Tatnall Street, Suite 200, Wilmington, DE 19801, Attorney for Defendant

## I.     INTRODUCTION

On April 5, 2017, Defendant Wendy Gillette ("Defendant") timely filed her Motion for Reargument concerning the Court's March 29, 2017 memorandum opinion granting Plaintiff's Motion for Summary Judgment. Defendant contends that the Court erred by failing to recognize that relief could not be granted under the mortgage contract because a condition precedent had not been satisfied. On April 26, 2017, Plaintiff Wilmington Savings Fund Society, FSB, d.b.a. Christiana Trust, not individually but as Trustee for Ventures Trust ("Plaintiff") filed its response to Defendant's Motion, which in large part pointed out that the Defendant's argument was not raised

1

prior to this Motion and that Delaware law regarding notice of a mortgage foreclosure was correctly applied.

## II.    STANDARD OF REVIEW

The standard of review for a motion for reargument under Superior Court Rule of Civil Procedure 59(e) is well settled law. Such a motion "will be denied unless the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[1] Furthermore, a motion for reargument is not intended to raise new arguments which could have been raised at an earlier point in the proceedings.[2]

## III.    DISCUSSION

Here, Defendant is seeking to raise new arguments in her Motion for Reargument that were not asserted in her Answer to the Complaint. She takes issue with the Court's ruling that it is well-settled law in Delaware that all notice requirements associated with a *scire facias sur* mortgage action will be satisfied by the filing of a complaint for foreclosure. Defendant argues that "it is also well-settled Delaware law that a party to a contract must satisfy all conditions precedent to avail said party of any right to remedies under the contract."[3] She further claims that satisfaction of the notice provision in Paragraph 22 of the Mortgage Agreement was a condition precedent to the contract.[4] Defendant distinguishes the cases cited in the Court's decision granting summary judgment to the Plaintiff on the ground that the contracts underlying those cases did not contain

---

[1] *Board of Managers of the Delaware Criminal Justice Information System v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct Jan. 17, 2003)(internal citations omitted).
[2] *Id.*; *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Ct. Jan. 14, 2004)(internal citations omitted).
[3] Def.'s Mot. Rearg.
[4] *Id.*

2

notice provisions.[5] This argument was not presented in Defendant's Answer to the Complaint.[6] Therefore, the issue has been waived.

Moreover, even if this argument had not been waived, Defendant would not prevail. Defendant's reliance on basic contract law principles to assert that a condition precedent was not met ignores the fact that Delaware law on this issue is dispositive. As stated in the decision granting summary judgment, "It is well-settled law in Delaware that 'the filing of a complaint for foreclosure "constitutes notice of the most unequivocal character that the mortgagee wishes to avail himself of the acceleration provision of the mortgage."'"[7] Given the clearness of the law, it would be inapposite to find that proper notice had not been given in this case and that the failure of the condition precedent should allow Defendant to prevail.

## IV.    CONCLUSION

Considering the foregoing, the Court finds that no controlling precedent or legal principle has been overlooked and that there has been no misapprehension of the law. Therefore, Defendant's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

---

[5] *Id.*

[6] Answer. The Court notes that this argument was presented in Defendant's Response to Plaintiff's Motion for Summary Judgment; but this is insufficient, as the argument was not pled in the Answer or presented as any affirmative defense.

[7] *Wilmington Sav. Fund Soc., F.S.B. v. Meconi*, 1989 WL 124888, at *4 (Del. Super. Ct. Oct. 3, 1989)(internal citations omitted); *Kennedy v. Gianonne*, 1987 WL 37799, at *1 (Del. June 16, 1897); *LaSalle Nat. Bank v. Ingram*, 2006 WL 1679418, at *2, (Del. Super. Ct. May 16, 2006); *U.S. Sav. Bank of Newark, N.J. v. Continental Arms, Inc.,* 338 A.2d 579, 583 (Del. Super. Ct. 1983).

3